UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN MCDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV768 MLM |
| | ) | |
| DAVE WEISSENBORN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Ryan McDonald (registration no. 1190344), an inmate at South Central Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $14.69. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $73.43, and an average monthly balance of $22.14. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $14.69, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Named as defendants are Dave Weissenborn (Police Officer, St. Charles County Police Department (the "Department")), Unknown Bextermueller (Sergeant, the Department), Jeff Haislip (Police Officer, the Department), Dennis Corley (Chief of Police, the Department), and the City of St. Charles, Missouri. Plaintiff seeks monetary damages.

Plaintiff is hearing impaired. Plaintiff alleges that on May 25, 2008, defendants Bextermueller, Weissenborn, and Haislip responded to a domestic disturbance call in St. Charles. Plaintiff claims he was detained and taken to the interview room at the St. Charles Police Station for questioning. According to plaintiff, defendant Weissenborn was present and gave plaintiff a written form Miranda rights warning with waiver.

-3-

Plaintiff says Weissenborn also gave him a form titled Rights of a Deaf Person, which informed plaintiff that he had the right to have an interpreter present if he wished. Plaintiff alleges that he did not understand the forms and requested an interpreter. Plaintiff avers that Weissenborn told him there was no interpreter and to read his lips. Plaintiff claims that the police officers present coerced him into signing the Miranda and Rights of a Deaf Person waivers even though he did not know what he was signing. Immediately thereafter, says plaintiff, Weissenborn brought a laptop into the room and plaintiff wrote a statement on it. Later that evening, says plaintiff, Weissenborn brought plaintiff another Miranda waiver, which plaintiff signed.

Plaintiff alleges, in a wholly conclusory manner, that defendant Corley failed to properly supervise the training and conduct of the defendant police officers. Plaintiff further alleges, in a conclusory fashion, that the City of St. Charles "tolerated the custom and practice of the unconstitutional arrest and questioning procedures of hearing-impaired persons by members of the St. Charles Police Department and, in particular, by Defendant Weissenborn . . ."

The Court takes judicial notice of the case file in State v. McDonald, 0811-CR03089 (11th Judicial Cir.), in which a criminal complaint was filed against plaintiff on May 26, 2008, regarding the May 25th arrest. On February 11, 2009, plaintiff pled

guilty to the charges. On April 1, 2009, the court sentenced plaintiff to ten years' imprisonment.

## Discussion

Plaintiff pleaded guilty and never went to trial; therefore, while Weissenborn's alleged conduct may have impaired his self-incrimination rights, a constitutional violation never occurred. Furthermore, by entering a guilty plea, plaintiff waived the privilege against self-incrimination that applies in a criminal trial. See Godinez v. Moran, 509 U.S. 389, 397 n. 7 (1993). As a result, plaintiff's § 1983 claims fail to state a claim upon which relief can be granted.

The Rehabilitation Act states that disabled individuals shall not be "excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). "Program or activity" is defined to include "all of the operations" of a "department, agency, special purpose district or other instrumentality of a State or of a local government." 29 U.S.C. § 794(b). Title 28 C.F.R. § 42.540.C.1, 45 Fed. Reg. 37620 (June 3, 1980), which "establishes procedures and policies to assure nondiscrimination based on handicap" in compliance with "section 504 of the Rehabilitation Act," applies to law enforcement agencies. Section 42.540.C.1 states, in relevant part:

> Law enforcement agencies should provide for the availability of qualified interpreters . . . to assist the agencies when dealing with hearing-impaired persons. . . . If a hearing-impaired person is arrested, the arresting officer's Miranda warning should be communicated to the arrestee on a printed form approved for such use by the law enforcement agency where there is no qualified interpreter immediately available and communication is otherwise inadequate. The form should also advise the arrestee that the law enforcement agency has an obligation under Federal law to offer an interpreter to the arrestee without cost and that the agency will defer interrogation pending the appearance of the interpreter.

Id. (emphasis in original; footnote omitted).

Plaintiff alleges that, although he was provided with written forms regarding his Miranda rights and right to an interpreter, he was told that he could not have an interpreter and was told to sign the forms even though he did not understand them. As a result, the Court cannot say at this time whether plaintiff's Rehabilitation Act claims state a plausible claim for relief. This issue deserves proper briefing by the parties. However, plaintiff's Rehabilitation Act claims are directed only to defendants Weissenborn and the City of St. Charles. Plaintiff's allegations against defendant Corley are wholly conclusory, and therefore, are not entitled to a presumption of truth. And defendants Bextermueller and Haislip are not alleged to have violated plaintiff's rights under this section. In consequence, the Court will dismiss defendants Corley, Bextermueller, and Haislip from the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $14.69 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Weissenborn and the City of St. Charles, Missouri.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Weissenborn and the City of St. Charles, Missouri shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Bextermueller, Haislip, or Corley

because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this <u>9th</u> day of May, 2011.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE