# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RYAN MCDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV768MLM |
| ) | |
| DAVE WEISSENBORN, et al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss filed by Defendant Dave Weissenborn ("Officer Weissenborn"). Doc. 12. In response to the Motion to Dismiss, Plaintiff filed a Motion for Leave to File Amended Complaint. Doc. 17. Officer Weissenborn has filed an Opposition to Plaintiff's Motion for Leave to File Amended Complaint. Doc. 18. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 16.

## LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

(2009) (citing Twombly, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950 (citing Twombly, 550 U.S. at 556). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949 (quoting Twombly, 550 U.S. at 555). See also Hamilton v. Palm, 2010 WL 3619580, at *2 (8th Cir. Sept. 20, 2010) ("[A]n allegation in any negligence claim that the defendant acted as plaintiff's 'employer' satisfies Rule 8(a)(2)'s notice pleading requirement for this element.").

Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 550 U.S. at 555-56. See also Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.'") (quoting Stalley v. Catholic Health Initiative, 509 F.3d 517, 521 (8th Cir. 2007)).

Additionally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 550 U.S. at 556 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To the extent it has been argued that Twombly is applicable only in the anti-trust context, the Court in Iqbal, 129 S.Ct. 1937, made it clear that Twombly is applicable in a broader context.

In civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

## BACKGROUND and DISCUSSION

Plaintiff, who is deaf, brought his cause of action under 42 U.S.C. § 1983 and § 504 of the Rehabilitation Act, 29 U.S.C. § 794. In his original Complaint Plaintiff names the following as Defendants: Officer Weissenborn, who is a police officer with the St. Charles County Police Department ("the Department"), Unknown Bextermueller, a Sergeant with the Department, Police Officer Jeff Haislip, Chief of Police Dennis Corley, and the City of St. Charles, Missouri. By Memorandum and Order, dated May 9, 2011, the court found, in regard to all named Defendants, that Plaintiff failed to state a claim upon which relief could be granted pursuant to § 1983. The court, therefore, dismissed Plaintiff's original Complaint in this regard. Doc. 4 at 5.

Plaintiff's Rehabilitation Act claims, in his original Complaint, are directed only to Officer Weissenborn, in his individual capacity, and the City of St. Charles. Thus, all claims against Defendants Corley, Bextermueller, and Haislip have been dismissed and the only claims which remain are Plaintiff's Rehabilitation Act claims against Officer Weissenborn and the City of St. Charles.

Officer Weissenborn seeks to dismiss Plaintiff's allegation that he violated the Rehabilitation Act. Plaintiff alleges, both in his Complaint and in his proposed Amended Complaint, that Officer Weissenborn interviewed Plaintiff as part of a domestic disturbance investigation; that Officer Weissenborn presented Plaintiff with a written Miranda waiver and a form titled "Rights of a Deaf Person"; that, with the assistance of a laptop computer, Plaintiff participated in an interview with

3

Officer Weissenborn; that Plaintiff was told he could not have an interpreter and was told to sign forms even though he did not understand them; that § 504 of the Rehabilitation Act prohibits "any program or activity" that receives federal financial assistance from discrimination against a qualified individual with a disability; and that, therefore, the City of St. Charles and Officer Weissenborn violated the Rehabilitation Act. As in his original Complaint, Plaintiff's proposed Amended Complaint alleges that Officer Weissenborn violated the Rehabilitation Act in his individual capacity.

Section 504 of the Rehabilitation Act does not impose liability on individuals, as they are not programs or activities receiving federal assistance. Vinson v. Thomas, 288 F.3d 1145 (9th Cir. 2002) (citing Asbrook v. City of Maubelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (other citations omitted). As such, to the extent Plaintiff's proposed Amended Complaint expands on the factual allegations of his original Complaint against Officer Weissenborn in his individual capacity, the court finds it would be futile to allow Plaintiff to file the proposed Amended Complaint; no actual amendment to the Complaint alleging a violation of the Rehabilitation Act on the part of Officer Weissenborn is possible. See Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010) ("Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'") ; In re Hutchinson Tech., Inc. v. Secs. Litig., 536 F.3d 952, 962 (8th Cir. 2008) ("[T]he district court's denial of leave to amend based upon futility [was] in turn based upon a finding that a specific allegation, even if amended, would fail to state a claim as a matter of law."; under such circumstances, leave to amend was properly denied as futile). The court finds, therefore, that Plaintiff's Motion for Leave to File an Amended Complaint should be denied. See U.S. ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 822 (8th Cir. 2009) ("Futility is a valid basis for denying leave to amend."). The court further finds that Plaintiff's original Complaint

fails to state a claim against Officer Weissenborn under the Rehabilitation Act and that, therefore, the remaining claim in the original Complaint against Officer Weissenborn should be dismissed. See Twombly, 550 U.S. at 555. As such, the only remaining allegation of Plaintiff's original Complaint will be that the City of St. Charles violated the Rehabilitation Act.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Leave to File an Amended Complaint filed by Plaintiff is **DENIED**; Doc. 17

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Officer Weissenborn is **GRANTED**; Doc. 12

**IT IS FURTHER ORDERED** that the only claim remaining in this matter is Plaintiff's allegation that the City of St. Charles violated the Rehabilitation Act.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of August, 2011.